IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:99CV156

| | |
|---|---|
| RONALD P. BELK and <br> MARY BELK, <br>     Plaintiffs, <br> vs. <br> UNITED STATES DEPARTMENT OF <br> AGRICULTURE, DANIEL GLICKMAN, <br> SECRETARY OF UNITED STATES <br> DEPARTMENT OF AGRICULTURE, <br> FARM SERVICE AGENCY, NATIONAL <br> DIRECTOR OF FARM SERVICE AGENCY <br> and NORTH CAROLINA STATE DIRECTOR, <br> FARM SERVICE AGENCY, <br>     Defendants. | ORDER |

**THIS MATTER** is before the Court on Defendants' "Motion to Enforce Settlement Agreement and to Dismiss Lawsuit," filed December 22, 2004. On January 8, 2005, Plaintiffs filed their "Response to Defendants' Motion to Enforce Settlement Agreement and to Dismiss Lawsuit," to which Defendants filed a Reply on January 21, 2005. This Motion is now ripe for disposition by the Court.

Having carefully considered the arguments of the parties, the record, and the applicable authority, the Court will grant Defendants' "Motion to Enforce Settlement Agreement and to Dismiss Lawsuit."

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of Defendants' finding that Plaintiffs were ineligible for primary loan

1

servicing of their Farm Service Agency loans. On April 8, 2004, the Court denied Defendants' Motion to Dismiss or In the Alternative Motion for Summary Judgment. In that April 8, 2004 Order, the Court provided a detailed factual background of this matter. Accordingly, the Court will adopt the factual findings in the April 8, 2004 Order for purposes of this Motion and finds no need to reiterate those facts previously found.

Subsequent to this Court's denial of Defendants' Motion for Summary Judgment, the parties engaged in settlement discussions. As a result of these negotiations, on October 4, 2004, the parties entered into a Settlement Agreement (the "Agreement"), which was reported to the Court on October 4, 2004, in the parties' Sixth Joint Motion for Stay of Remand. Plaintiffs executed the Settlement Agreement on October 25, 2004, as evidenced by their dated signatures on the Agreement. In pertinent part, the Agreement provides as follows:

> 5. . . . On the Closing Date [December 10, 2004], Plaintiffs will execute and deliver a Stipulation of Dismissal with prejudice of this lawsuit in the form of a Stipulation of Dismissal attached as Exhibit A. Plaintiffs will execute and deliver the Stipulation of Dismissal *regardless of whether they pay as specified in Paragraph 6 or provide the documents required under Paragraphs 7 and 8*.
>
> 8. . . . In the event that, on the Closing Date, Plaintiffs fail to pay the specified sum of money and/or execute and deliver a Net Recovery Buyout Recapture Agreement and concomitant Deed of Trust, FSA shall not be obligated to release any liens on Plaintiffs' Collateral, but *Plaintiffs will nevertheless be obligated to execute and deliver to the Office of the United States Attorney or designee a Stipulation of Voluntary Dismissal in the form of Exhibit A*. . . .

(Defs.' Mot. to Enforce Settlement Agreement, Exh. 1) (emphasis added).

It is now over seven (7) months after the date that Plaintiffs agreed to execute and deliver the Stipulation of Voluntary Dismissal and Plaintiffs have still not provided Defendants with a

2

copy of the notice of dismissal. Defendants now ask this Court to enforce the Settlement Agreement and dismiss this case.

## II. DISCUSSION

The Fourth Circuit has made clear that "district courts have inherent authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002) (citing *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981)). Although a motion to enforce a settlement agreement draws on standard contract principles, it may be accomplished within the bounds of the underlying litigation without the need for a new complaint. *Id.* Thus, the practical effect of a court exercising this authority is to enter a judgment by consent. *Id.*

Despite its inherent authority, a court cannot enforce a settlement until it concludes that a complete agreement has been reached between the parties which establishes the terms and conditions of that agreement. *Id.* (citing *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983)). Therefore, to exercise its inherent authority to enforce a settlement agreement, a district court must be able to: (1) find that the parties reached a complete agreement; and (2) determine the terms and conditions of that agreement. *Id.* at 540-41 (citing *Moore v. Beaufort County*, 936 F.2d 159, 162 (4th Cir. 1991)). However, a district court may not enforce a settlement agreement summarily if there is a factual dispute between the parties over the existence of the agreement, the authority of the attorneys to enter into the agreement, or over the terms of the agreement. *Id.* at 541 (citing *Alexander v. Industries of the Blind, Inc.*, 901 F.2d 40, 41 (4th Cir. 1990); *Millner*, 643 F.2d at 1010). Notably, "'having second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement. . . .'" *Id.* (quoting *Young v.*

3

*FDIC*, 103 F.3d 1180, 1195 (4th Cir. 1997)).

In the instant case, Plaintiffs do not dispute the existence of the Settlement Agreement, the authority of the attorneys to enter into the Agreement, or the terms of the Agreement. In fact, in their Response to Defendants' Motion to Enforce Settlement Agreement, Plaintiffs clearly state, "[t]he parties entered into a settlement agreement in October 2004. The Plaintiffs signed the settlement agreement on or about October 25, 2004." (Pls.' Resp., ¶ 1). Furthermore, Plaintiffs do not dispute that they were required to execute and deliver a Stipulation of Dismissal on or before December 10, 2004, regardless of whether they had met the other terms of the Agreement. In fact, in the Sixth Joint Motion for Stay of Remand, Plaintiffs authorized Defendants to notify the Court that "the plaintiffs have signed the settlement agreement that calls for their execution of a Stipulation of Dismissal no later than December 10, 2004, and delivery of that Stipulation of Dismissal to the Office of the United States Attorney immediately thereafter for final execution and filing with the Court." (Sixth Jt. Mot. for Stay of Remand, ¶ 5). Instead, in defense of their failure to execute the Stipulation of Dismissal Plaintiffs simply state that they were unable to schedule a real estate closing on or before December 10, 2004, and contend that "[e]quity would require that Plaintiffs be allowed to proceed with a closing conference and deliver an executed Stipulation of Dismissal at that time." (Pls.' Resp., ¶¶ 4, 8).

A review of the Agreement and the parties' arguments leads the Court to conclude that all parties intended to settle this case and agreed upon the terms of the settlement when they entered into the Agreement. The fact that Plaintiffs were unable to schedule a closing on or before December 10, 2004 is immaterial to their duty to execute and deliver a Stipulation of Dismissal to the Office of the United States Attorney no later than December 10, 2004. Plaintiffs have

4

failed to uphold this provision of the Agreement.  Therefore, the Court finds in its inherent authority that the Agreement should be enforced as agreed upon by the parties.  In light of the fact that Plaintiffs have failed to execute and deliver a Stipulation of Dismissal, the Court will dismiss this matter on its own authority with prejudice.  The Court concludes that a hearing in this matter is not necessary since there is no dispute over the existence of the Agreement or any of the terms or conditions of the Agreement.  *See Petty*, 849 F.2d at 132 (noting that "[t]rial courts possess the inherent authority to enforce a settlement agreement and to enter judgment based on an agreement without a plenary hearing.") (citing *Millner*, 643 F.2d at 1009).

    **IT IS, THEREFORE, ORDERED** that Defendants' Motion to Enforce Settlement Agreement and to Dismiss Lawsuit is hereby **GRANTED**.

    **IT IS FURTHER ORDERED** that Plaintiffs' Complaint is hereby **DISMISSED WITH PREJUDICE**.

**Signed: August 17, 2005**

Richard L. Voorhees
United States District Judge